UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Greene, #344540<br><br>          Petitioner,<br><br>vs.<br><br>Warden Leroy Cartledge,<br><br>          Respondent. | Civil Action No.: 2:14-cv-03238-BHH<br><br>**Opinion and Order** |

  The petitioner Terence Greene, ("the petitioner" or "Greene") proceeding *pro se,* filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling and a Report and Recommendation ("Report").  Magistrate Judge Baker recommends that the respondent's motion for summary judgment be granted and the petitioner's petition for writ of habeas corpus be dismissed with prejudice.  (ECF No. 23.)  The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

  The petitioner filed this action alleging, *inter alia,* ineffective assistance of counsel.  On July 27, 2015, the Magistrate Judge issued a Report (ECF No. 23); and on September 24, 2015, the petitioner filed his Objections.  (ECF No. 28.)  The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court, and the recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

### Ground One

The petitioner objects that the Magistrate Judge placed too much emphasis on the fact that the petitioner had decided to plead guilty and expressed this decision a day before the allegedly flawed guilty plea. While the Court agrees with the petitioner's counsel that defendants sometimes change their minds during plea proceedings, the fact that the petitioner had previously indicated that he wanted to plead the day before the guilty plea is still evidence that supports the voluntariness of the plea. Even if this

2

evidence is not conclusive, it need not be because there are other factors that support the conclusion that the plea was voluntary.

First, taken in context, the trial judge's comments that referenced the death penalty were clearly theoretical and used as an example to illustrate a broader point that the judge was making. The petitioner has not demonstrated that the PCR Court was unreasonable in interpreting the statements as it did and in discounting the petitioner's interpretation as unreasonable. Second, the Magistrate Judge properly reviewed the PCR court's fact and credibility determinations finding that the petitioner's counsel made clear to him that the state was not seeking the death penalty. The petitioner's objection argues that trial counsel's testimony could be interpreted as less confident than it seems from the PCR order, but this is insufficient to allow the Court to overturn the PCR court's fact and credibility determinations.

The petitioner's counsel has not directed the Court to any federal authority that was violated or unreasonably applied by the plea proceedings in the underlying case or the PCR court's decision. Furthermore, after reviewing the record, the Court cannot say that the PCR court based its decision on "an unreasonable determination of the facts in light of the evidence presented." The Court agrees with the Magistrate Judge's analysis and overrules the petitioner's objection on Ground One.

**Ground Two**

After carefully reviewing the record, the Court agrees with the Magistrate Judge and the PCR court that there was more than sufficient evidence to support a conviction for voluntary manslaughter and provide a sufficient factual basis for the petitioner's plea. Thus, the Court agrees with the Magistrate Judge's conclusion that the

petitioner's attorney was not constitutionally ineffective for allowing him to plead to voluntary manslaughter. The petitioner's objection as to Ground Two is overruled.

**Ground Three**

In Ground Three, the petitioner argues that his counsel was constitutionally deficient in failing to thoroughly and accurately advise the petitioner regarding the law of accomplice liability. This claim was not raised in the PCR proceedings, but the petitioner argues that the Court should review the issue pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) because his PCR counsel was ineffective. The Magistrate Judge recommended that the Court deny the claim because the petitioner cannot show that his PCR counsel was objectively unreasonable and because the petitioner has not shown a reasonable probability that he would have received relief had his PCR counsel raised the issue. The accomplice liability argument is similar to the petitioner's claim that there was insufficient evidence to support his voluntary manslaughter guilty plea. Given the record and the PCR Court's analysis of that argument, the Court agrees with the Magistrate Judge that the petitioner cannot demonstrate that there was a reasonable probability that he would have obtained relief if his PCR counsel had raised the argument. Furthermore, the Court agrees that counsel was not objectively unreasonable for failing to raise the issue. The petitioner's objections with regard to this point do not direct the Court to any specific error in the Magistrate Judge's analysis. The Court agrees with the Magistrate Judge's recommendation and overrules the petitioner's objection on Ground Three.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts the Report and incorporates it herein. It is therefore

ORDERED that the respondent's motion for summary judgment (ECF No. 10.) is GRANTED and the petitioner's petition for a writ of habeas corpus is dismissed, *with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Circ.2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

5

September 29, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.